IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

|  |  |  |
|---|---|---|
| **POLYCARP EBURUOH,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-20-3525 |
| **CARRIE M. WARD,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Polycarp and Bernadine Eburuoh bring this civil action against Defendants Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Joshua Coleman, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Nicholas Derdock, Angela M. Dawkins, Wayne Anthony Holman, Megh Milan Mittra, Michael Leeb, Christopher Robert Selig, Philip Shriver, and BWW Law Group, LLC, alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq.* (Count I), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Count II), and the Fourteenth Amendment (Count III). ECF Nos. 1 & 2. Pending before the Court are Defendants' Motion to Dismiss, ECF No. 8, Plaintiffs' Motion to Amend, ECF No. 10, and Defendants' Motion to Strike Amended Complaint, ECF No. 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiffs' Motion to Amend is denied, Defendants' Motion to Dismiss is granted, and Defendants' Motion to Strike is denied as moot.

## I.     BACKGROUND[1]

### A.  State Foreclosure Action

On February 9, 2007, Plaintiffs Polycarp and Bernadine Eburuoh executed a promissory note secured by a Deed of Trust placed on Plaintiffs' property, located at 11001 Enoch Court, Upper Marlboro, Maryland 20774, to Aegis Wholesale Corporation. ECF No. 11 ¶¶ 12–13. Plaintiffs subsequently became unable to fulfill their obligations under the Note. *Id.* ¶ 15. The Second Amended Complaint details the events following this initial default, which, based on an attached exhibit,[2] appears to have taken place in 2013. *See generally id.* ¶¶ 15–23. However, the allegations relevant to the three claims at issue here begin several years later, in 2019, when Defendants initiated a foreclosure action on Plaintiffs' property. *See id.* ¶¶ 24, 26.

On October 10, 2019, Defendants—appointed as substitute trustees by the secured party—filed an Order to Docket Foreclosure against Plaintiffs' property in the Circuit Court for Prince George's County. *See* ECF No. 9-4 at 2 (state court docket);[3] *see also* Maryland Judiciary Case Search, Case No. CAEF19-31925. Plaintiffs allege that, in response, they "expeditiously filed a Loss Mitigation Application." ECF No. 11 ¶ 25. They also filed a Request for Mediation on November 4, 2019, and a Final Loss Mitigation Affidavit on November 26, 2019. *Id.* ¶¶ 29–30; ECF No. 9-4 at 3. Plaintiffs then received a letter dated November 27, 2019, from Fay Servicing, Inc., their current loan servicer, stating that the documentation Plaintiffs submitted for

---

[1] Unless stated otherwise, all facts are taken from Plaintiffs' Second Amended Complaint or documents attached to and relied upon in the Second Amended Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] *See* ECF No. 9-2 at 41 (showing $30,000 payment, which was referenced in the Second Amended Complaint as occurring after the initial default, posted on February 14, 2013).

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

the loss mitigation application was incomplete and requesting that they supplement their application by December 27, 2019. ECF No. 9-3 at 35. The parties likewise agreed to extend the deadline for submission of documents in support of Plaintiffs' application for a loan modification to December 27, 2019, during a December 17, 2019 Foreclosure Mediation. ECF No. 11 ¶ 31.[4] The same day as the Foreclosure Mediation, Defendants filed a No Agreement statement with the Circuit Court. *Id.* ¶ 32; *see also* ECF No. 9-4 at 3.

In an affidavit attached to the Second Amended Complaint, Plaintiffs state that they provided the additional documentation on December 24, 2019. ECF No. 9-4 at 11. The court-appointed mediator filed a Mediation Report on December 26, 2019. *See id.* at 3; ECF No. 11 ¶ 33. On January 10, 2020, while Plaintiffs were still waiting for Fay Servicing, Inc. to evaluate their application, the Circuit Court ordered that the foreclosure sale could be scheduled. ECF No. 9-4 at 3; ECF No. 11 ¶ 35. Defendants subsequently arranged for a foreclosure sale to be held on February 4, 2020, ECF No. 11 ¶ 39, although the sale was later postponed to March 17, 2020, *id.* ¶ 59. Plaintiffs then resubmitted the loan mitigation application materials to Fay Servicing, Inc. on January 16, 2020, and January 26, 2020. ECF No. 9-4 at 12. According to the affidavit attached to the Second Amended Complaint, a representative from Fay Servicing, Inc. confirmed that all documents had been received and that the sale scheduled for February 4, 2020, would be suspended. *Id.* However, on March 11, 2020, Plaintiffs received a letter from Fay Servicing, Inc. explaining that their mortgage had been reassigned to a new servicer, SN Servicing, and that their loss mitigation application had been summarily denied. ECF No. 11 ¶ 61; *see also* ECF No. 9-4 at 11.

---

[4] Although the Second Amended Complaint states that the extension was to December 26, 2019, an attached affidavit states that the extension was to December 27, 2019, consistent with the letter received from Fay Servicing. ECF No. 9-4 at 11.

On March 16, 2020, Plaintiffs filed an Emergency Motion for Pre-Sale Injunctive Relief. ECF No. 11 ¶ 45; ECF No. 9-4 at 3. Attached to the motion were documents showing that Plaintiffs had made payments that the loan servicers had not recorded as well as "copies of emails reflecting misleading and evasive action taken by the Servicer in processing the loss mitigation application[.]" ECF No. 11 ¶ 45. Plaintiffs also filed a hearing request. *Id.*; ECF No. 9-4 at 3.

The sale took place on March 17, 2020, and on March 23, 2020, a Report of Sale and Affidavit of Fairness of Sale and Truth of Report were docketed. ECF No. 11 ¶ 46.[5] On March 25, 2020, the Circuit Court denied Plaintiffs' Emergency Motion without a hearing. *Id.* ¶ 48; ECF No. 9-4 at 4. On April 6, 2020, Plaintiffs filed a Motion to Set Aside the Circuit Court's March 25 Order as well as a Motion for Partial Summary Judgment regarding their loss mitigation application. ECF No. 11 ¶ 49; ECF No. 9-4 at 4. Plaintiffs again filed a hearing request with those motions. ECF No. 11 ¶ 49; ECF No. 9-4 at 4. On April 20, 2020, Plaintiffs filed a Motion to Vacate the March 17, 2020 sale and a third hearing request. ECF No. 11 ¶ 50; ECF No. 9-4 at 4. Plaintiffs' three motions were denied without a hearing on August 10, 2020. ECF No. 11 ¶ 54; ECF No. 9-4 at 5.

Plaintiffs filed a Motion for Reconsideration, which was denied without a hearing on November 19, 2020. ECF No. 9-4 at 5–6. The sale was then ratified on December 10, 2020. *Id.* at 6. Plaintiffs also appealed the Circuit Court's decision, but the appeal was dismissed on April 7, 2021. *Id.* at 5; Maryland Judiciary Case Search, Case No. CAEF19-31925.

---

[5] These entries do not appear on the docket. *See* ECF No. 9-4 at 3; Maryland Judiciary Case Search, Case No. CAEF19-31925. However, a copy of the Report of Sale stamped by the Clerk of the Circuit Court is attached to Defendants' Motion to Dismiss. ECF No. 9-5 at 1.

4

B. **Procedural History**

Plaintiffs filed suit against Defendants on September 24, 2020, in the Circuit Court for Prince George's County, asserting violations of RESPA (Count I) and the FDCPA (Count II). ECF No. 1 at 1. Plaintiffs then filed an Amended Complaint on November 20, 2020. ECF No. 1-5.

Defendants removed the case to this Court on December 16, 2020. ECF No. 1. On December 31, 2020, Defendants filed a Motion to Dismiss. ECF No. 8. Plaintiffs filed a Second Amended Complaint on January 27, 2021, adding a Fourteenth Amendment procedural due process claim (Count III) and naming four loan servicers, including Fay Servicing, Inc., as well as Mahasin El Amin, Clerk for the Circuit Court for Prince George's County, as defendants. ECF No. 9. However, presumably because Plaintiffs had missed the 21-day deadline to amend as a matter of course, Plaintiffs filed a Motion for Leave to Amend Complaint later that day. ECF No. 10. Plaintiffs further filed a Corrected Amended Complaint, ECF No. 11, as well as a Supplement Redlined Version of Amended Complaint, albeit one comparing the earlier two versions of the Complaint, rather than the Amended Complaint to the Second Amended Complaint, ECF No. 11-1. On February 5, 2021, Defendants moved to strike the Second Amended Complaint, ECF No. 12, and opposed Plaintiffs' Motion for Leave, ECF No. 13.[6]

Plaintiffs did not file a response to Defendants' Motion to Dismiss, a response to Defendants' Motion to Strike, or a reply in support of Plaintiffs' Motion for Leave.

---

[6] Because Plaintiffs' subsequently filed for leave to file the Second Amended Complaint, Defendants' Motion to Strike is denied as moot, and the Court will consider only its opposition to Plaintiffs' Motion for Leave.

## II.     STANDARD OF REVIEW

### A. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

### B. Motion to Dismiss

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

The Fourth Circuit has held that an affirmative defense may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). However, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.*; *see also Lara v. Suntrust Mortg. Inc.*, No DKC-16-0145, 2016 WL 3753155, at *1 n.1, at *6 (D. Md. July 14, 2016) (considering "relevant documentation regarding the Property and the foreclosure proceeding and sale" attached by the defendants to a motion to dismiss to substantiate a *res judicata* defense).

## III. DISCUSSION

### A. RESPA and FDCPA Claims

The substance of Plaintiffs' first two claims, those alleging violations of RESPA and FDCPA, remains largely unchanged between the First and Second Amended Complaints, although Plaintiffs appear to be asserting the claims against additional defendants: four loan servicers for the Note.[7] In brief, Plaintiffs allege in Count I that Defendants violated RESPA by "dual tracking"—moving towards foreclosure while the loss mitigation process was ongoing in violation of 12 C.F.R. § 1024.41(g). *See Sharma v. Rushmore Loan Mgmt. Servs., LLC*, No. GJH-18-656, 2020 WL 1323007, at *13 (D. Md. Mar. 20, 2020) (discussing RESPA dual tracking provisions); *Weisheit v. Rosenberg & Assocs., LLC*, No. CV JKB-17-0823, 2017 WL 5478355, at *4 (D. Md. Nov. 15, 2017) (same). As an initial matter, Plaintiffs can only assert a RESPA claim against a servicer. *See, e.g.*, *Farber v. Brock & Scott, LLC*, 2016 WL 5867042, at *4–5 (D. Md., Oct. 6, 2016). Therefore, while Plaintiffs cannot bring the claim against the already-named Defendants,[8] they could do so against Fay Servicing, Inc., named in the Second Amended Complaint.[9]

Second, Plaintiffs allege in Count II that the same actions—moving forward with the foreclosure sale while processing Plaintiffs' loss mitigation application—constitute violations of

---

[7] There is no indication that Plaintiffs' RESPA and FDCPA claims are intended to be alleged against Mahasin El Amin, Clerk for the Circuit Court for Prince George's County, also added as a defendant in the Second Amended Complaint.

[8] This provides an additional reason for granting Defendants' Motion to Dismiss as to Count I, although the Court ultimately dismisses it on *res judicata* grounds below.

[9] Although Plaintiffs name the Note's other servicers in the Second Amended Complaint as well, the Second Amended Complaint does not contain any allegations involving those servicers; accordingly, Plaintiffs have not stated a claim against them.

sections 1692e and 1692f of the FDCPA, which prohibit material misrepresentations and the use of unfair means to collect debt.

Defendants argue that both claims are futile and should be dismissed on the basis that they are barred by the doctrine of *res judicata*. "Res judicata . . . bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). Additionally, when a federal court litigant asserts a *res judicata* defense based on a state court judgment, "[the] federal court must give to [the] state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Here, the foreclosure action took place in Maryland. Under Maryland law, *res judicata*, or claim preclusion, applies when (1) "the parties in the present litigation are the same or in privity with the parties in the earlier dispute;" (2) "the claim presented in the current action is identical to the one determined in the prior adjudication;" and (3) "there has been a final judgment on the merits." *Laurel Sand & Gravel Co.*, 519 F.3d at 161 (citing *Anne Arundel County Bd. of Educ. v. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (2005)).

1. **Parties Same or In Privity**

The parties in the present case are in privity with the parties in the state court foreclosure action. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (quoting *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 572–73 (D. Md. 2000)). Plaintiffs and Defendants were parties to the state foreclosure action. Additionally, the defendants that Plaintiffs moves to add in the Second

9

Amended Complaint, the four loan servicers, are in privity with the substitute trustees. *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (finding servicer in privity with substitute trustees); *Womack v. Ward*, No. DKC-17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018), *aff'd*, 755 F. App'x 262 (4th Cir. 2019) (finding substitute trustees, BWW Law Group attorneys, in privity with loan servicer and with BWW Law Group). Because the parties in this suit are either the same or in privity, the first element of claim preclusion has been satisfied. *See Jones*, 2011 WL 382371, at *5 (finding that "[b]ecause all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met").

2. **Same Claims**

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232, 238 (1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 145 Md. App. 635, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 354 Md. 472, 731 A.2d 916, 928 (1999)). Therefore, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* at 326 (citing *Gertz v. Anne Arundel Cnty.*, 339 Md. 261, 661 A.2d 1157, 1161 (1995)). Additionally, "Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones*, 2011 WL 382371, at *5 (listing cases).

As stated above, Plaintiffs' Second Amended Complaint brings claims for violations of RESPA and the FDCPA. The state court foreclosure action and the present case relate to the same transaction or occurrence: the foreclosure on real property that Plaintiffs owned located at 11001 Enoch Court, Upper Marlboro, Maryland 20774. Moreover, it is evident from the Second Amended Complaint that these claims were or could have been raised in the state foreclosure action. *See, e.g.*, ECF No. 11 ¶ 45 (alleging that the Emergency Motion for Pre-Sale Injunctive Relief "included copies of emails reflecting misleading and evasive actions taken by the Servicer in processing the loss mitigation application and BWW's awareness thereof"). Thus, Defendants have satisfied the second element of claim preclusion. *See King v. Caliber Home Loans, Inc.*, No. GJH-16-3489, 2017 WL 4250509, at *5 (D. Md. Sept. 22, 2017), *aff'd*, 727 F. App'x 47 (4th Cir. 2018) (finding claims that the defendant "dual-tracked" the plaintiffs' mortgage in violation of RESPA and FDCPA arose out of the same transaction as the state foreclosure proceedings and were thus barred by *res judicata*); *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and RICO; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action").

### 3. Final Judgment on the Merits

Plaintiffs' property was sold through the foreclosure action on March 17, 2020, and the Circuit Court entered an order ratifying the sale on December 10, 2020. The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) (noting "[t]he important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale[,]"

as finalization of a foreclosure after a plaintiff has had the opportunity to raise any objections to the sale "'is a final judgment on the merits'" (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ–09–2374, WDQ–09–2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010))). Therefore, there was a final judgment on the merits.

Because Plaintiffs' RESPA and FDCPA claims satisfy all three elements of the *res judicata* test, those claims are barred.[10] Accordingly, amendment to assert those claims against additional defendants would be futile, and Plaintiffs' Motion for Leave will be denied as to those claims. Additionally, because the same defects exist in the Amended Complaint, Defendants' Motion to Dismiss those claims as originally pleaded will be granted.

**B. Due Process Claim**

In the Second Amended Complaint, Plaintiffs also bring a Fourteenth Amendment procedural due process claim on the basis that the Circuit Court unlawfully denied their motions without hearings.[11] Although Plaintiffs do not state which Defendant or Defendants this claim is asserted against, it is assumed to be alleged against Mahasin El Amin, Clerk for the Circuit Court for Prince George's County.[12] Plaintiffs' claim is also understood to have been brought under §

---

[10] Several courts have analyzed similar RESPA claims under the rubric of issue preclusion, rather than claim preclusion. *See, e.g.*, *Neto v. Rushmore Loan Mgmt. Servs., Inc.*, No. CV DKC 16-1056, 2017 WL 896890, at *5 (D. Md. Mar. 7, 2017) (addressing RESPA violations raised as defenses in a Motion to Vacate Sale); *Jones*, 2011 WL 382371, at *3. Here, the result would be the same, as all four elements of issue preclusion are satisfied: (1) the issue decided in the prior adjudication—whether Defendants impermissibly engaged in "dual tracking"—is identical to that raised here; (2) there was a final judgment on the merits in the first action; (3) Plaintiffs were a party to the prior adjudication, the foreclosure proceeding; and (4) Plaintiffs were given a fair opportunity to be heard on the issue, as they vigorously opposed foreclosure on the basis of the loan mitigation application grounds through filing several motions that were considered and denied by the state court. *See Neto*, 2017 WL 896890, at *5-6 (citing *DeCosta v. U.S. Bancorp*, No. DKC 10-0301, 2010 WL 3824224, at *6 (D. Md. Sept. 27, 2010)).

[11] Plaintiffs' claim alleges violations of the Fourth and Fourteenth Amendments in the heading, but Plaintiffs do not discuss the Fourth Amendment or allege how Defendants have violated Plaintiffs' Fourth Amendment rights.

[12] Plaintiffs' claim concerning the denial of requests for hearing is not understood to be alleged against Defendants or the loan servicers, as there are no facts suggesting that those parties were responsible for the denials. Moreover, this Court found in *Sikes v. Ward* that a similar claim—alleging a due process violation based on the Circuit Court's failure to hold a hearing on the plaintiff's pre-sale motion filed under Md. Rule 14-211—was barred by *res judicata* as to the substitute trustees in that case, who were named defendants in the federal action and had been parties to the

1983.[13] Finally, the Second Amended Complaint is not entirely clear about the relief sought, but it appears Plaintiffs seek reversal of and damages for the Circuit Court's decision, not prospective relief. *See* ECF No. 11 ¶ 80 (requesting, albeit in the section of the Second Amended Complaint alleging FDCPA violations, that this Court "[e]njoin ratification of the sale"); *id.* ¶ 87 (seeking only $2,000 in statutory damages for the alleged procedural due process violations).

Defendants raise several arguments against Plaintiffs' due process claim: (1) the claim is barred by the *Rooker-Feldman* doctrine; (2) Ms. El Amin is not a proper defendant; and (3) Plaintiffs have not sufficiently alleged a procedural due process violation. Because the Court determines the second and third arguments provide two separate reasons for dismissal of this claim, the Court will not address Defendants' arguments based on the *Rooker-Feldman* doctrine.

### 1. Naming Ms. El Amin as a Defendant

Although is not clear whether Plaintiff sues Ms. El Amin in her official or personal capacity, the claim fails in both cases. To the extent Plaintiffs assert a claim against Ms. El Amin in her official capacity, the claim is barred by the Eleventh Amendment. Several well-established rules require this conclusion. First, suits against state officials in their official capacities are the equivalent of suits against the state itself unless they are seeking prospective injunctive relief. *See Will v. Mich. Dep't of Police*, 491 U.S. 58, 71 & n.10 (1989); *see also Samuel v. Hogan*, No.

---

state court action. No. CV TDC-16-4108, 2017 WL 6055686, at *3 (D. Md. Dec. 6, 2017), *aff'd*, 742 F. App'x 752 (4th Cir. 2018). For the same reasons, Plaintiffs' claim would fail if alleged against Defendants and the loan servicers, who are in privity for the purposes of the *res judicata* analysis.

[13] Plaintiffs may not bring a bring a claim directly under the Fourteenth Amendment. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Thomas v. Shipka*, 818 F.2d 496, 502 (6th Cir. 1987), *vacated & remanded on other grounds,* 488 U.S. 1036 (1989); *Chase v. City of Portsmouth*, No. 2:05CV446, 2005 WL 3079065, at *9–10 (E.D. Va. Nov. 16, 2005); *Ocean Acres Ltd. P'ship v. Dare Cnty. Bd. of Health*, 514 F. Supp. 1117, 1123 (E.D.N.C. 1981), *aff'd*, 707 F.2d 103 (4th Cir. 1983). Instead, § 1983 provides the exclusive remedy for challenging violations of Plaintiffs' due process rights, as it imposes civil liability on a person who, under color of State law, deprives any citizen of the United States or other person under the jurisdiction thereof of any right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

PWG-17-1372, 2018 WL 1243548, at *4 (D. Md. Mar. 9, 2018) ("[A] § 1983 action for monetary damages and retrospective relief against state officers in their official capacity is viewed as a lawsuit against the State itself."). Therefore, a claim for damages and retrospective relief against Ms. El Amin in her official capacity amounts to a claim against the Circuit Court for Prince George's County. In turn, the Circuit Court for Prince George's County is considered an arm of the state for Eleventh Amendment purposes. *See Madison v. Wheat*, No. GJH-16-1542, 2016 WL 3546223, at *2 (D. Md. June 23, 2016) (stating that the Circuit Court for Montgomery County, Maryland is a state entity immune from suit under the Eleventh Amendment); *Lemon v. Howard Cnty. Cir. Ct.*, No. JFM-15-3164, 2015 WL 7012724, at *1 (D. Md. Nov. 12, 2015) (holding that the Circuit Court for Howard County, Maryland is an arm of the state and protected from suit by the Eleventh Amendment). Under the Eleventh Amendment, the state is immune from suit unless one of three exceptions apply, none of which are applicable here—Maryland has not consented to be sued under section 1983, Congress did not expressly abrogate immunity for section 1983 suits, and Plaintiffs are not seeking prospective injunctive relief. *See Sikes v. Ward*, No. CV TDC-16-4108, 2017 WL 6055686, at *4 (D. Md. Dec. 6, 2017), *aff'd*, 742 F. App'x 752 (4th Cir. 2018).

To the extent Plaintiffs are instead understood to be suing Ms. El Amin in her personal capacity, the claim is still futile, as Plaintiffs have not adequately alleged that Ms. El Amin personally acted to violate their due process rights. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) ("[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Duncan v. Lee*, No. 7:20CV00554, 2020 WL 6875038, at *1 (W.D. Va. Nov. 23, 2020) ("Liability under § 1983 is 'personal, based upon each defendant's

14

own constitutional violations.'" (quoting *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001))). Judge Robin D. Gill Bright, not Ms. El Amin, denied Plaintiffs' requests for hearings. *See* ECF 8-6; ECF No. 8-7. Thus, if Plaintiffs' contest those denials, Ms. El Amin is not the proper defendant.

### 2. Procedural Due Process Violation

Finally, even considering the core of Plaintiffs' claim—that the denial of their hearing requests violated their procedural due process rights—Plaintiffs have not sufficiently alleged that the denials violated the Fourteenth Amendment by preventing them from being heard or presenting their case in a meaningful way. The Supreme Court has held that "the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations." *Federal Commc'ns Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 276 (1949); *see also Spark v. Catholic Univ.*, 510 F.2d 1277, 1280 (D.C. Cir. 1975) ("[D]ue process does not include the right to oral argument on a motion[.]"); *Dredge Corp. v. Penny*, 338 F.2d 456, 464 n. 14 (9th Cir. 1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved."). Indeed, "[s]imply because a party was not afforded an oral hearing does not necessarily mean he has been denied due process." *Monumental Health Plan, Inc. v. Dep't of Health & Hum. Servs.*, 510 F. Supp. 244, 248 (D. Md. 1981).

Maryland foreclosure proceedings provide borrowers with three opportunities for "challenging a foreclosure: obtaining a pre-sale injunction pursuant to Maryland Rule [14–211], filing post-sale exceptions to the ratification of the sale under Maryland Rule 14–305(d), and the filing of post-sale ratification exceptions to the auditor's statement of account pursuant to

Maryland Rule 2–543(g), (h)." *Kamara v. Shapiro Brown & ALT, LLP*, No. 0471 SEPT. TERM 2015, 2016 WL 1064432, at *3 (Md. Ct. Spec. App. Mar. 17, 2016) (quoting *Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 726 (2007) (alteration in original)). Maryland Rule 14-211 instructs courts to conduct a hearing if a motion for pre-sale injunction (1) was timely filed, or there is good cause for excusing non-compliance; (2) substantially complies with the requirements of the Rule; and (3) "states on its face a defense to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action." Md. R. Prop. Sales § 14-211(b)(2). Maryland Rule 14-305(d) instructs that a court "shall hold a hearing if a hearing is requested *and* the exceptions or any response clearly show a need to take evidence." Md. R. Prop. Sales 14-305(d)(2) (emphasis added). Courts may not set aside a sale without a hearing. *Id.*

The Maryland Court of Special Appeals has examined the "procedural mechanisms set forth in Title 14 of the Maryland Rules," those that provide for the opportunity, in certain cases, for an oral hearing, and found they "ensure that a borrower has adequate notice and an opportunity to be heard consistent with the Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights." *Kamara*, 2016 WL 1064432, at *3. This Court finds no reason to disagree. Indeed, where Plaintiffs had ample opportunities to present their case through written briefing, and the Circuit Court, consistent with state rules, found that hearings were not necessary or appropriate based on the written pleadings submitted, Plaintiffs have not shown that their procedural due process rights were violated.

For these reasons, Plaintiffs' addition of a due process claim is futile and will be dismissed.[14]

---

[14] In the Second Amended Complaint, Plaintiffs allude to the denial of their hearing requests constituting a violation of their equal protection rights, *see* ECF No. 11 ¶ 65, and, in the section addressing alleged Fourteenth Amendment violations, generally allege racial disparities in foreclosure proceedings, *id.* ¶¶ 83–84, 87. However, Plaintiffs have not alleged that there is an intentional or purposeful disparity in the granting of hearing requests based on race, as

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 8, is granted; Plaintiffs' Motion to Amend, ECF No. 10, is denied; and Defendants' Motion to Strike Amended Complaint, ECF No. 12, is denied as moot. A separate Order follows.

Date: July 21, 2021         /s/_____
                            GEORGE J. HAZEL
                            United States District Judge

---

would be required to support an equal protection claim. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).